**Vincent W. Davis, Esq. (SBN 125399)**
**Daniel C. Sharpe, Esq. (SBN 267075)**
**Law Offices of Vincent W. Davis & Associates**
**150 N. Santa Anita Avenue, Suite 200**
**Arcadia, CA 91006**
**Phone: (626) 446-6442**
**Facsimile: (626) 446-6454**

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN CHARALAMBOUS, an Individual;<br><br>PLAINTIFF<br><br>v.<br><br>CITY OF BURBANK; OFFICER MIRAKYAN, an Individual; OFFICER CAITO, an Individual; DOES 1 through 10, inclusive,<br><br>DEFENDANTS | No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Civil Rights Under 42 U.S.C. § 1983 – 4th Amendment Unlawful Arrest<br><br>2. Violation of Civil Rights Under 42 U.S.C. § 1983 – First Amendment<br><br>3. Violation of Civil Rights Under 42 U.S.C. § 1983 – Supervisory Liability<br><br>4. Violation of Civil Rights Under 42 U.S.C. § 1983 – Monell Liability |

Plaintiff allege as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction is conferred upon the United States District Court for the Central

District of California, as Plaintiffs assert claims herein that are derived from the

United States Constitution and the laws of the United States, the amount in controversy exceeds $75,000, and the events that give rise to litigation occurred in and around the County of Los Angeles. This Honorable Court therefore has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## PARTIES

2.      Plaintiff SUSAN CHARALAMBOUS (hereinafter "Plaintiff" or "CHARALAMBOUS") is an individual, competent adult, who, during all times relevant as described in more detail below, was a resident and citizen of the City of Burbank, California, who owned and lived in the residential property located at or near 434 North Lamer Street, Burbank, California 91506. Plaintiff was born in 1950 and was approximately 64 years old at the time of the incidents that give rise to this lawsuit, as alleged further herein.

3.      Defendant CITY OF BURBANK is a local public entity organized under the laws of the State of California (hereinafter referred to as "CITY OF BURBANK" or "COB").  The Burbank Police Department (hereinafter referred to as "BPD" or "the Department") is an agency of Defendant CITY OF BURBANK responsible for the enforcement of laws as well as for investigation of alleged criminal activity within the jurisdiction of Defendant CITY OF BURBANK.  BPD, as well as its employees and agents, operates under the policy direction of Defendant CITY OF BURBANK, including but not necessarily limited to the Burbank City Council.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446.6454

4.     At all times relevant, herein, Defendant CITY OF BURBANK was and is responsible for the hiring, supervision, training, and discipline of law enforcement officers retained, employed, or otherwise authorized to act as law enforcement officers on behalf of the BPD. Defendant CITY OF BURBANK is responsible for maintaining policies, procedures, and practices with respect to such hiring, supervision, training and/or discipline that comports with the laws of the United States and the State of California, including but not limited to laws relating to lawful detention, probable cause to engage in a lawful arrest, and abuse of authority.

5.     At all times relevant herein, Officer MIRAKYAN (hereinafter referred to as "MIRAKYAN") is and was a police officer employed by Defendant CITY OF BURBANK, by and through the BPD, assigned the serial number 12714, and charged with the investigation of potential criminal incidents as part of his professional duties as a law enforcement officer. On information and belief, at all relevant times Defendant MIRAKYAN was and is a resident of the County of Los Angeles. Defendant MIRAKYAN is sued herein in his individual capacity.

6.     At all times relevant herein, Officer CAITO (hereinafter referred to as "CAITO") is and was a police officer employed by Defendant CITY OF BURBANK, by and through the BPD, assigned the serial number 11403, and charged with the investigation of potential criminal incidents as part of his professional duties as a law enforcement officer. On information and belief, at all relevant times Defendant

CAITO was and is a resident of the County of Los Angeles. Defendant CAITO is sued herein in his individual capacity.

7.     Plaintiff is informed and believes and thereon allege that Defendants, Does 1 through 10, inclusive (hereinafter referred to as "Does"), are now and at all times herein mentioned in this Complaint were individuals and residents or were entities – either governmental or otherwise – operating and/or doing business in and around the County of Los Angeles, State of California, and were in some manner employed by and acting within the scope of their employment on behalf of Defendant CITY OF BURBANK, whether by and through the BPD or some other means, and in some way engaged in affirmative acts or omissions that were a direct and/or proximate cause of the violation of Plaintiff's rights as alleged in more detail herein.

8.     At all times relevant herein, Defendant DOE 1 is and was a police officer employed by Defendant CITY OF BURBANK, by and through the BPD, who served as a supervisor to Defendants MIRAKYAN and CAITO, as well as other officers, during the events alleged herein. Defendant DOE 1 was responsible for the supervision, training, and disciplining of individual officers, including but not necessarily limited to Defendants MIRAKYAN and CAITO. On information and belief, at all relevant times Defendant DOE 1 was and is a resident of the County of Los Angeles. Defendant DOE 1 is sued herein in his individual capacity.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

9.     At all times alleged herein, Defendant CITY OF BURBANK had the power, right, and duty to control the manner in which the individual defendants carried out the objectives of their employment and to assure that all orders, rules, instructions, and regulations promulgated were consistent with the United States Constitution, the California Constitution, the laws of the United States, the laws of the State of California, and the laws of local municipalities.

10.     Plaintiff is ignorant of the true names and capacities of these Doe Defendants, though all are believed to have been employed by Defendant CITY OF BURBANK, or acting in concert with other named defendants and in their capacity were acting as state actors, but alleges that each such defendant was in some intentional or negligent manner responsible for the injuries suffered by Plaintiff.

11.     Defendants, and each of them, performed the wrongful acts and omissions alleged herein in bad faith and with knowledge that their conduct violated well and clearly established and settled law.

12.     At all times material herein, defendants, and each of them, were acting as the employees, agents, representatives, and officers of every other defendant herein, and within the course and scope of such employment and agency.

//

//

//

# FACTS COMMON TO ALL CLAIMS

13.     Each and every allegation set forth in each and every averment of this Complaint is hereby incorporated by this reference in each and every other averment, allegation, and count of this Complaint.

14.     Plaintiff was previously deprived of her interests protected by the Constitution and/or laws of the United States of America, as well as California, and suffered injuries to her person, and such deprivation was caused by defendants – by commission and omission – while defendants acted under color of law.

15.     All acts and/or omissions perpetrated by each defendant, except any governmental entity defendant or any defendant only in their official capacity, were engaged in maliciously, callously, oppressively, wantonly, recklessly, and with deliberate indifference to the rights of Plaintiff, and were done so despicably and with evil motive and/or intent., and demonstrate a callous disregard for Plaintiff and her basic constitutional rights.

16.     Plaintiff, who resides at 434 North Lamer Street, Burbank, California 91506, lives near a private citizen, known to Plaintiff as Jacquelynn Perske (hereinafter "Ms. Perske"), who on information and belief is a long-time neighbor and resident on the same street as Plaintiff.

17.     Previous to June 10, 2015, Ms. Perske repeatedly harassed Plaintiff by confronting Plaintiff – either in person or through an intermediary – leaving notes at

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446.6454

Plaintiff's residence, or contacting Defendant CITY OF BURBANK, by and through the BPD, to assert frivolous complaints against Plaintiff. Plaintiff understands that Ms. Perske has engaged in such actions out of a specific dislike for the fact that Plaintiff lawfully rents out part of her residence to foreign students attending educational programs in and around the Burbank area. At no point prior to June 10, 2015 did any of the numerous complaints by Ms. Perske result in Plaintiff receiving any sort of citation, detention, arrest, or prosecution for any sort of alleged crime.

18.     On or about June 10, 2015, at approximately 10:10 p.m., Plaintiff was engaged in a telephone call with a friend while inside of her home on North Lamer Street.

19.     Because of difficulties with reception while using her cellphone inside her residence, Plaintiff stepped outside to her front porch in an effort to get better reception and continue with her phone conversation.

20.     At approximately 10:20 p.m., while still on the phone call with a friend, Plaintiff noticed a police car pulling up to her residence. Plaintiff asked her friend to hold while Plaintiff approached the police officer who had exited the police vehicle and appeared to be walking towards Plaintiff.

21.     The individual officer – who Plaintiff later understood to be Defendant MIRAKYAN– met with Plaintiff and informed Plaintiff that he was called out to Plaintiff's residence on a report that Plaintiff was in violation of California Penal Code § 415, disturbing the peace.

22.   A violation of § 415 of the California Penal Code for "disturbing the peace" occurs when an individual does one of the following:

(a)   Unlawfully fighting in a public place or challenging another to the same;

(b)   Maliciously and willfully disturbing another person by loud or unreasonable noise; or

(c)   Using offensive words in a public place which are inherently likely to provoke an immediate violent reaction.

23.   At no point did Plaintiff engage in any sort of physical fight, nor did Plaintiff challenge any other individual to a fight in a public place, within the meaning of Cal. Pen. Code § 415(1).

24.   At no point did Plaintiff "maliciously and willfully" disturb another person using unreasonable noise, within the meaning of Cal. Pen. Code § 415(2).

25.   At no point did Plaintiff use "offensive words" in a public place that were inherently likely to provoke an immediate violent reaction, within the meaning of Cal. Pen. Code § 415(3).

26.   Pursuant to established precedent by the United States Supreme Court, a violation of Cal. Pen. Code § 415 for maliciously and willfully disturbing others with loud or unreasonable noise comports with the First Amendment right to freedom of speech only if such "noise" is made "in a loud manner only when there is a clear and present danger of violence or when the communication is not intended as such but is

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446.6454

merely a guise to disturb persons." <u>In re Brown</u>, 9 Cal.3d 612, 619 (1973); citing to <u>Edwards v. South Carolina</u>, 372 U.S. 229, 235-238 (1963), and <u>Cox v. Louisiana</u>, 379 U.S. 536, 546-550 (1965); see also <u>Collins v. Jordan</u>, 110 F.3d 136 (1996); accord, <u>Rosenbaum v. City & County of San Francisco</u>, 484 F.3d 1142 (9th Cir. 2007) (holding that citation for Cal. Pen. Code § 415 was proper where demonstrators acted with a specific intent to annoy rather than engage in protected speech). The scope of the First Amendment as it applies to investigation and enforcement of Cal. Pen. Code § 415 – and the unconstitutionality of relying on the statute to arrest or cite individuals who were not engaging in conduct that created a "clear and present danger of violence" or "as a guise to disturb persons" – was reasonably established at the time that Defendants came to Plaintiff's residence in the late evening of June 10, 2015.

27.    In response to the acknowledgement that Defendant MIRAKYAN was investigating a call for violation of disturbing the peace, Plaintiff politely responded that she was on her property and was engaged in a personal phone call with a friend.

28.    In response, Defendants MIRAKYAN asserted to Plaintiff that "she said she can hear you."

29.    At this point, Plaintiff reasonably understood that Defendant MIRAKYAN was referring to Ms. Perske, the neighbor that had harassed Plaintiff previously.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446.6454

30.     Plaintiff responded to Defendant MIRAKYAN that she had not received any complaints from neighbors, no request to keep her voice down, or any other good faith communication that Plaintiff's decision to continue her phone conversation outside – on her own property – was harming any of her neighbors.

31.     In response, Defendant MIRAKYAN stated, "I agree. I do not observe any disturbance of peace."

32.     Plaintiff then inquired politely as to why the defendant officers were at her residence if there was no sign that she was disturbing the peace. Defendants responded that they are obligated to "come by" when there is a call alleging a crime has been committed.

33.     Plaintiff continued to speak cooperatively with Defendant MIRAKYAN, who continued to confirm that he did not observe Plaintiff engaging in any actions that constituted a violation of Cal. Pen. Code § 415.

34.     During the conversation, Defendants MIRAKYAN asked Plaintiff if she could use her cellphone in her house. Plaintiff acknowledged that had difficulty with reception in her home, and asked if she had a right to step outside onto her porch and into her yard to continue a phone conversation. Defendant MIRAKYAN conceded that Plaintiff did have a right to do so.

35.     During the conversation, another police officer, who Plaintiff later understood to be Defendant CAITO, approached Plaintiff. Defendant CAITO stated to Plaintiff

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446.6454

that "she" – who Plaintiff understood to be Ms. Perske – complained that she could hear Plaintiff's phone conversation.

36.     Plaintiff responded to Defendant CAITO by stating that she was willing to "tone it down" but asked that the police officers speak to Ms. Perske, because Plaintiff did not believe that Ms. Perske could dictate where on Plaintiff's own property Plaintiff could engage in lawful activities, such as speaking on a phone.

37.     Shortly thereafter, Defendants MIRAKYAN and CAITO walked across the street to the residential property located at or near 433 North Lamer Street, Burbank, California 91506, which Plaintiff understood to be the residence of Ms. Perske, and left Plaintiff alone in her front yard.

38.     While Defendants MIRAKYAN and CAITO apparently spoke with Ms. Perske, Plaintiff finished her telephone conversation in her yard and began to make her way back into her residence.

39.     At approximately 10:30 p.m., as Plaintiff was entering her home, Plaintiff observed another police vehicle pulling up to her residence. As a result, Plaintiff turned around and waited in the front of her property based on the reasonable concern that she needed to speak further with law enforcement until the matter was resolved.

40.     Defendants MIRAKYAN and CAITO approached Plaintiff from across the street and began talking to Plaintiff about having her go inside her house. Plaintiff

responded by stating that she already finished her telephone conversation and was going into her house until she saw additional law enforcement arrive.

41.     During this second conversation with Defendants MIRAKYAN and CAITO, Plaintiff noticed three additional police vehicles arrive on her street, bringing the total number to six (6).

42.     Plaintiff pointed out to Defendants MIRAKYAN and CAITO that multiple additional police vehicles had arrived, and Defendants acknowledged that "a police supervisor" had come to the scene.

43.     Plaintiff, who now was becoming very concerned that the officers were still investigating her despite admitting – repeatedly – that Plaintiff had a right to be on her property and use her cellular phone in her yard, asked why a police supervisor had driven out to her property. Defendants MIRAKYAN and CAITO simply acknowledged that the supervisor is required to "show up when someone calls."

44.     Plaintiff expressed her concern about the ability of a private citizen – namely, Ms. Perske – to cause such a great police presence to investigate an elderly woman who was not engaging in any illegal activity and asked if the use of police resources was reasonable given that no crime had been committed.

45.     Plaintiff then waited in her driveway, concerned that she should not go into her home until a police officer confirmed that they were finished.

46.     A few minutes later, six (6) police officers – including but in no way limited to Defendants MIRAKYAN and CAITO – surrounded Plaintiff and forcibly handcuffed her arms behind her back.

47.     Plaintiff then pointedly asked why she was being handcuffed since Defendants MIRAKYAN and CAITO explicitly assured Plaintiff that her actions did not constitute a violation of Cal. Pen. Code § 415. Defendants MIRAKYAN and CAITO did not respond, nor did they look at Plaintiff while she asked them directly to explain the basis for her arrest.

48.     Plaintiff, who was barefoot, then begged the police officers to allow her to have her shoes if she was to be taken into custody. One officer went into her home to find shoes but returned and stated that Plaintiff could not have shoes because the ones the officer found had heels, which he represented were not allowed.

49.     At one point, a police officer who identified himself as a supervisor – and who is identified herein as DOE 1 – spoke directly with Plaintiff at the scene after Plaintiff was placed under arrest. Plaintiff asked DOE 1 why she was being arrested since Defendants MIRAKYAN and CAITO already confirmed that her actions did not constitute a violation of Cal. Pen. Code § 415. DOE 1 responded only by stating that the BPD received a call about disturbing the peace.

50.     Plaintiff was then placed in the back of a police vehicle with her hands cuffed and without shoes. Plaintiff complained to individual officers – including but not

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

limited to the named defendants – that the handcuffs were too tight and were causing her pain.

51.    While inside the back of the police vehicle, Plaintiff witnessed the individual defendants speak with Ms. Perske.

52.    Approximately twenty minutes later, Plaintiff was taken to the Burbank Police Station to be booked into custody by Defendants MIRAKYAN and CAITO.

53.    At the time that the individual defendant officers investigated this incident and arrested Plaintiff, Daniel Kay, a retired law enforcement officer who had been staying at Plaintiff's residence for a few months, was in the residence. Mr. Kay was present during Plaintiff's phone conversation – both in the residence and when Plaintiff stepped outside to get better reception – and did not witness any actions by Plaintiff that would constitute probable cause to justify the arrest.

54.    At the time that the individual defendant officers investigated this incident and arrested Plaintiff, Michael Bernard, an individual who had been staying at Plaintiff's residence for several months, came back to the residence as Plaintiff continued her phone call outside. Mr. Bernard was also present in the residence when a police officer came to the door and inquired as to whether Plaintiff's shoes were readily available since Plaintiff was being arrested while barefoot. Mr. Bernard offered the officer a pair of shoes, but the officer declined them, stating that shoes with heels were not allowed. At no point during the evening of June 10, 2015 did Mr. Bernard

witness Plaintiff engaging in any activity that would constitute probable cause for a violation of Cal. Pen. Code § 415.

55.    Despite the presence of Mr. Bernard and Mr. Kay, none of the individual defendants interviewed either person, which constitutes a failure to interview witnesses as part of any alleged investigation into the alleged misconduct of Plaintiff.

56.    On information and belief, such failure to interview witnesses constitutes a violation of the internal practices and policies of the BPD.

57.    While traveling to the Burbank Police Station, Plaintiff asked the Defendants MIRAKYAN and CAITO why she was being arrested when she did nothing wrong. The officers informally stated to Plaintiff that Plaintiff was arrested because she would not go into her house.

58.    Plaintiff responded that was not true, and that she waited outside of her residence – while not talking on the phone – solely because of the large law enforcement presence gathered in front of her property.

59.    Defendants MIRAKYAN and CAITO then stated to Plaintiff that Plaintiff was arrested because "[Ms. Perske] wanted to do a citizen's arrest." However, neither Defendant MIRAKYAN nor Defendant CAITO explained why the alleged desire of Plaintiff's neighbor to engage in a citizen's arrest necessitated Defendants making the decision to formally arrest Plaintiff themselves.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

60.     Plaintiff understands, and therefore on information and belief alleges, that Defendants MIRAKYAN and CAITO made comments about Ms. Perske's desire to engage in a "citizen's arrest" as an attempt to distance themselves from their own actions and the actions of their fellow officers in arresting Plaintiff despite previously admitting that Plaintiff was not engaged in any unlawful activity.

61.     Defendants MIRAKYAN and CAITO transported Plaintiff to the Burbank Police Station, where Plaintiff – who was barefoot, crying, and unable to comprehend why Defendants arrested her despite admitting that Plaintiff was not engaging in any illegal activity – was eventually booked and placed into a jail cell.

62.     Once Plaintiff arrived at the Burbank Police Department, Defendant DOE 1 – the supervisory officer at the scene of the incident – approached Plaintiff and assured her that the booking process "won't take long" and that afterwards he and his fellow officers would "go get the bad guys." Defendant DOE 1 then assured Plaintiff that "you're not one [of the bad guys]."

63.     When the defendants removed the handcuffs from Plaintiff's wrists, Plaintiff noticed large red welts on her wrists, and pointed out to the defendants her injuries, reminding the officers that she previously complained that the handcuffs were hurting her.

64.     Plaintiff was then subjected to an invasive search of her person by three separate officers. During the search, Plaintiff repeatedly asked that the officers take

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

photographs of the welts on her wrists. The officers eventually complied and took three photographs, which the officers then assured Plaintiff would be entered into evidence.

65.     Plaintiff spent the remainder of the night in the custody of the Burbank Police Department as a result of her arrest by Defendants MIRAKYAN and CAITO.

66.     At approximately 6:30 a.m. the following morning, Plaintiff was released from custody and given a citation for Cal. Pen. Code § 415(1) for fighting in public with an appearance date of July 2, 2015 at the Burbank Courthouse. The same charge was explicitly listed on Plaintiff's booking and property record.

67.     Upon reviewing the citation and other documents, Plaintiff stated that the citation was incorrect, as Plaintiff was not engaged in any sort of public fight or threatening the same.

68.     Thereafter, Plaintiff met with Officer Meadows, who Plaintiff understood to be a member of the BPD and who was in the police department at the time of her release. Plaintiff spoke with Officer Meadows about the incident and requested that she be allowed to make a complaint regarding the interaction between her neighbor and the officers that led to her arrest.

69.     Officer Meadows assured Plaintiff that he himself would prepare a formal written complaint for Plaintiff, and attach it to the police report on behalf of Plaintiff.

70. During their interaction, Officer Meadows assured Plaintiff that he had reviewed the police reports prepared by Defendants MIRAKYAN and/or CAITO, and that the officers "advised [Ms. Perske] not to do this, but she insisted she wanted to do a citizen's arrest."

71. Plaintiff then asked Officer Meadows why Defendants MIRAKYAN and CAITO engaged in the arrest if they did not believe there was a basis to do so. Officer Meadows responded that the defendants "could be liable" if they did not arrest Plaintiff per Ms. Perske's wishes.

72. Plaintiff then asserted to Officer Meadows that the citation and related documentation was wrong, because Plaintiff was not "fighting in public." Officer Meadows then edited the citation by hand to reflect "415(3) – disturbing the peace" and initialed the change.

73. At approximately 7:30 a.m., Officer Meadows arranged for Plaintiff to be escorted to St. Joseph's Hospital by police transport. The police officer that drove Plaintiff identified himself to Plaintiff as "Officer Angel."

74. At approximately 7:45 a.m., Plaintiff arrived at the emergency room of St. Joseph's hospital. Plaintiff was diagnosed by a physician with shock and wrist sprain.

75. On or about July 2, 2015, Plaintiff went to the Burbank Courthouse for the hearing on the citation issued by Defendants. After waiting for several hours, Plaintiff received a "Proof of Appearance." Plaintiff understands that the alleged violation of

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446.6454

Cal. Pen. Code § 415 was rejected by the prosecution, and no actual charges were ever filed against Plaintiff.

76.     The actions of Defendants, and each of them, were reckless, willful, malicious, and with a conscious disregard for the civil rights of Plaintiff. Such wrongful conduct necessarily entitles Plaintiff to seek punitive damages from individual Defendants' wrongful acts for the purpose of punishing said Defendants, to make an example out of them, and to discourage such misconduct in the future.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983 – 4th Amendment – Wrongful Arrest

### Against Defendants MIRAKYAN, CAITO, and Doe Defendants 1-10

77.     Plaintiff re-alleges, adopts and incorporates the preceding paragraphs as if fully set forth herein.

78.     At the time of the incidents as set forth in the averments above, the rights of persons within the jurisdiction of the United States of America under both Amendment IV and XIV to the United States Constitution to due process of law and the equal protection of the laws as well as the right to be free from unreasonable searches and seizures under the Fourth Amendment were in full force and effect, and the individual defendants who engaged in conduct, as set forth above, deprived Plaintiff of her constitutional rights, which violated those rights, and violated the Fourteenth Amendment to the United States Constitution.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

79.   Under the Fourth Amendment, an individual within the jurisdiction of the United States cannot be subjected to a warrantless arrest absent probable cause. Probable cause exists only where the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution to believe, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. United States v. Watson, 423 U.S. 411 (1976); see also Michigan v. DeFillippo, 443 U.S. 31, 37 (1979).

80.   As set forth elsewhere in this Complaint, the limited scope of Cal. Pen. Code § 415 as it relates to protected First Amendment Activity was clearly established at the time of Plaintiff's arrest, such that a reasonably competent police officer should have and would have known in the circumstances that Plaintiff – who was exercising her right to engage in a cellular phone call with a friend on her property – was not in violation of § 415.

81.   Defendants MIRAKYAN and CAITO did not observe any activity that would have caused a reasonably prudent officer to believe that Plaintiff was engaged in any illegal activity – including but not limited to a violation of Cal. Pen. Code § 415.

82.   Defendants MIRAKYAN and CAITO personally confirmed to Plaintiff that they did not have probable cause to arrest Plaintiff for a violation of Cal. Pen. Code § 415, stating to Plaintiff multiple times that Plaintiff did not appear to be disturbing the peace.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446.6454

83.     Neither Defendants MIRAKYAN or CAITO were told anything by Ms. Perske that would overcome the observations of the individual defendants that Plaintiff was not engaged in any illegal activity.

84.     Despite the established rights relating to free exercise and speech, Defendants MIRAKYAN and CAITO, and others, unlawfully detained and arrested Plaintiff without probable cause, which was in violation of Plaintiff's rights.

85.     Defendants, and each of them, took these actions while acting under color of law without reasonable probable cause and with deliberate indifference to Plaintiff's constitutional rights. Defendants knew or should have known that such conduct violated Plaintiff's constitutional rights, which were established at the time.

86.     By these actions Defendants, and each of them, violated Plaintiff's rights under the Fourth Amendment to be free from unlawful arrest.

87.     As a direct and proximate result of the actions of the individual Defendants, Plaintiff has suffered, and will continue to suffer, physical, mental and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiffs have also incurred, and will continue to incur, attorney fees, costs and expenses, including those authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

88.     As a direct and proximate result of Defendants' actions as alleged herein, Plaintiffs suffered general and special damages including but not limited to the loss of

liberty, as well as physical, mental and emotional pain, shock, and suffering, in an amount according to proof at trial and consistent with 42 U.S.C. § 1983.

89.     In doing the things alleged herein, Defendants acted willfully and in conscious disregard for Plaintiff's rights, such that their actions shock the conscience of the average person, and constitute an abuse of power that was malicious and purposeful such that punitive damages are allowed under the law.  Punitive damages are therefore sought against the individual defendants according to proof.

**SECOND CAUSE OF ACTION**

**42 U.S.C. § 1983 – 1st Amendment – Freedom of Speech**

**Against Defendants MIRAKYAN and CAITO, and Doe Defendants 1-10**

90.     Plaintiff re-alleges, adopts and incorporates the preceding paragraphs as if fully set forth herein.

91.     At the time of the incidents as set forth in the averments above, the rights of persons within the jurisdiction of the United States of America under both Amendment I and XIV to the United States Constitution to due process of law and the equal protection of the laws as well as the right to free speech under the First Amendment were in full force and effect, and the individual defendants who engaged in conduct, as set forth above, deprived Plaintiff of her constitutional rights, which violated those rights, and violated the Fourteenth Amendment to the United States Constitution.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446.6454

92.     Under the First Amendment, an individual within the jurisdiction of the United States has a right to speak freely. This right, which was reasonably established at the time of the events alleged in this Complaint, included the right to engage in telephone communications on one's own residential property. This right also included the narrow limits of Cal. Pen. Code § 415, including specifically the right to be free from threat of arrest for engaging in speech that is neither related to a clear and present danger of violence nor serving as a guise to disturb others.

93.     As set forth elsewhere in this Complaint, both Defendants MIRAKYAN and CAITO, as well as others, represented to Plaintiff that her actions did not constitute a violation of Cal. Pen. Code § 415, yet Defendants arrested Plaintiff anyway.

94.     Defendants MIRAKYAN and CAITO did not observe any activity that would have caused a reasonably prudent officer to believe that Plaintiff was engaged in any illegal activity – including but not limited to a violation of Cal. Pen. Code § 415. Instead, Defendants MIRAKYAN and CAITO – as well as other members of the BPD – merely observed Plaintiff engaging in constitutionally protected speech by using her cellular phone while in her yard.

95.     Defendants MIRAKYAN and CAITO personally confirmed to Plaintiff that they did not have probable cause to arrest Plaintiff for a violation of Cal. Pen. Code § 415, stating to Plaintiff multiple times that Plaintiff did not appear to be disturbing

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446.6454

the peace, yet arrested her for engaging in constitutionally protected speech despite such assurances.

96.     Neither Defendants MIRAKYAN or CAITO were told anything by Ms. Perske that would overcome the observations of the individual defendants that Plaintiff was engaged in constitutionally protected speech.

97.     Despite the established rights relating to free exercise and speech, Defendants MIRAKYAN and CAITO, and others, unlawfully detained and arrested Plaintiff for engaging in her constitutionally protected right to free speech.

98.     Defendants, and each of them, took these actions while acting under color of law without reasonable probable cause and with deliberate indifference to Plaintiff's constitutional rights. Defendants knew or should have known that such conduct violated Plaintiff's constitutional rights, which were established at the time.

99.     By these actions Defendants, and each of them, violated Plaintiff's rights under the First Amendment.

100.  As a direct and proximate result of the actions of the individual Defendants, Plaintiff has suffered, and will continue to suffer, physical, mental and emotional injury, all to an extent and in an amount subject to proof at trial. Plaintiffs have also incurred, and will continue to incur, attorney fees, costs and expenses, including those authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

101.   As a direct and proximate result of Defendants' actions as alleged herein, Plaintiffs suffered general and special damages including but not limited to the loss of liberty, as well as physical, mental and emotional pain, shock, and suffering, in an amount according to proof at trial and consistent with 42 U.S.C. § 1983.

102.   In doing the things alleged herein, Defendants acted willfully and in conscious disregard for Plaintiff's rights, such that their actions shock the conscience of the average person, and constitute an abuse of power that was malicious and purposeful such that punitive damages are allowed under the law.  Punitive damages are therefore sought against the individual defendants according to proof.

### THIRD CAUSE OF ACTION

### 42 U.S.C. § 1983 – Supervisory Liability

### Against DOE 1 and Doe Defendants 2-10

103.   Plaintiff re-alleges, adopts, and incorporates the preceding paragraphs as if fully set forth herein.

104.   Defendant DOE 1, identified herein as a supervisory defendant, was personally involved in the investigation of events occurring at or near Plaintiff's residence on the evening of June 10, 2015, directly conferred with subordinate officers throughout the investigation, and was personally involved in the decision to arrest Plaintiff without probable cause and in violation of her First and Fourth Amendment rights.

105.   The actions of Defendant DOE 1, in participating in the investigation and consulting with the other individual defendants prior to Plaintiff's arrest, set in motion a series of acts which Defendant DOE 1 knew or reasonably should have

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446.6454

known would cause others to inflict constitutional injury, and therefore incurs supervisory liability. See <u>Graves v. City of Coeur D'Alene</u>, 339 F.3d 828, 848 (9th Cir. 2003).

106.   On information and belief, Defendant DOE 1 personally authorized the arrest of Plaintiff despite the lack of probable cause to do so, which was in violation of Plaintiff's rights, or otherwise purposefully acquiesced to the same despite the established constitutional rights of Plaintiff, which were known or should have been known to the police officer defendants – including in particular DOE 1 as a supervisor – at the time of Plaintiff's arrest.

107.   Because Defendant DOE 1 was at the scene of the investigation, met with Plaintiff, conferred with the other defendant officers, and played a direct and causal role in the constitutional violation, Defendant DOE 1 is liable for the constitutional deprivations that Plaintiff experienced. See <u>Jeffers v. Gomez</u>, 267 F.3d 895, 915 (9th Cir. 2001).

108.   Both Defendants made false representations to the Court that were knowing, intentional, and in reckless disregard of the truth and Plaintiff's civil rights.

109.   As a result of the above-described misconduct, Plaintiff suffered severe emotional pain and psychological injury, physical injuries, and economic losses in the form of costs incurred, all of which are subject to proof at trial.

110.   Defendant DOE 1, who worked for Defendant CITY OF BURBANK in his capacity as a supervisory officer for the BPD, deliberately engaged in corruption,

disregard of established law, and willful violation of Plaintiff's constitutional rights. As such, and by the nature of their conduct, Defendant DOE 1 is not entitled to qualified immunity.

111.   Because the actions of Defendant DOE 1 shocks the conscience of reasonable individuals and constitutes a reckless and willful abuse of power, punitive damages are sought against Defendant DOE 1 according to proof.

**FOURTH CAUSE OF ACTION**

**Violation of Civil Rights Under 42 U.S.C. § 1983 – Monell Claim**

**Against Defendant CITY OF BURBANK, by and through the BPD**

112.   Plaintiffs hereby incorporate the preceding paragraphs as though fully set forth herein.

113.   Defendant CITY OF BURBANK, by and through the individual policymakers and/or supervisory officials improperly, inadequately, or with deliberate indifference to the constitutional rights of persons, grossly negligently, or with reckless disregard for constitutional rights, failed to properly train, supervise, retrain, monitor, or take corrective action with respect to individual employees under their supervision and control, including in particular but not necessarily limited to Defendants MIRAKYAN, CAITO, DOE 1, and others with respect to the types of wrongful conduct alleged in this complaint, including, but not limited to the failure to enforce the law of the State of California, the unconstitutional enforcement of local

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446.6454

ordinances and statutes, the enforcement of unconstitutional ordinances and statutes, and misuse of actual or perceived authority against individuals such as Plaintiff such that each one of them is liable legally for all injuries and/or damages sustained by Plaintiff pursuant to the legal principles set forth in <u>Monell v. Dept. of Social Services of the City of New York</u>, 436 U.S. 658 (1978), <u>Heller v. Bushey</u>, 759 F.2d 1371 (9th Cir. 1986), cert. granted and reversed on other grounds sub nom. <u>City of Los Angeles v. Heller</u>, 106 S.Ct. 1573 (1986), and <u>Larez v. Gates</u>, 946 F.2d 630 (9th Cir. 1991), the content of all of which is incorporated herein by this reference.

114.   The following policies, customs, and practices of Defendants were in effect at the time of Plaintiff's arrest, which had the natural and foreseeable result of violating Plaintiff's established constitutional rights:

    a.   Arresting individuals despite explicitly confirming that they are not engaged in criminal activity;

    b.   Using Cal. Pen. Code § 415, as well as potentially other criminal statutes, as a cover to justify arrests that lack probable cause;

    c.   Arresting individuals solely based on the fact that another individual expresses a desire to engage in a "citizen's arrest" without any legal justification, rather than engaging in an independent investigation pursuant to police training and procedures;

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626)446.6454

d.  Arresting suspects based on fear of complaints or other repercussions from individuals that threaten to engage in a "citizen's arrest" despite no probable cause for such an arrest under established constitutional principles; and

e.  Refusing to interview witnesses who's statements would likely conflict with a predetermined decision to arrest a suspect despite a lack of probable cause.

115.  Defendant CITY OF BURBANK owed a duty to Plaintiff and others at all times to establish, implement, and follow policies, procedures, customs, and/or practices which confirm and provide for the protections guaranteed them under the United States Constitution, including the 1st, 4th, and 14th Amendments; to use reasonable care to select, supervise, train, control, and review the actions of all of their agents, officers, and employees.

116.  Instead, Defendants engaged in the above-described policies, practices, and customs, all of which is not unique to Plaintiff alone or constitutes an isolated incident, but is in fact a pervasive policy, practice, and custom of which Defendant CITY OF BURBANK, by and through its various supervisors and policymakers, are aware.

117.  The injuries suffered by Plaintiff as described elsewhere herein, were directly, proximately, and foreseeably caused in part by the unconstitutional practices, policies, or customs, both written and unwritten, that at all relevant times were in full

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446.6454

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES
150 N. SANTA ANITA AVENUE, SUITE 200
ARCADIA, CALIFORNIA 91006
PHONE (626) 446.6442, FACSIMILE (626) 446.6454

force and effect by Defendants and their employees, which were put in place or otherwise allowed to remain in place due to the tacit agreement of Defendants, various supervisors, managers, and policymakers, and was further exacerbated by their refusal to properly investigate such misconduct of other individuals under their supervision and authority, or discipline the same.

118.   Defendant CITY OF BURBANK, by and through its various supervisors and policymakers, knew, or should have known, that by breaching the aforesaid duties and obligations that it was foreseeable that it would cause Plaintiff and others to be injured and damaged by the wrongful acts and omissions as alleged herein, that such breaches occurred in contravention of public policy and as to their respective legal duties and obligations to individuals within their jurisdiction.

119.   The aforementioned policies, practices, customs, and procedures, as well as the lack of adequate training and discipline as stated and shown above, were the moving force and/or substantial factor in bringing about the constitutional deprivations complained of by Plaintiffs herein.

//

//

//

//

WHEREFORE, PLAINTIFFS respectfully pray and seek the following relief as to the Causes of Action stated above:

1.  For general damages according to proof at trial on each cause of action for which such damages are available,

2.  For special damages according to proof on each cause of action for which such damages are available;

3.  For punitive damages according to proof at trial on each cause of action for which such damages are available;

4.  For reasonable attorney fees and costs of suit, as allowed under the law;

5.  For such other relief as the Court deems proper and just.

LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES

Date: May 2, 2017              BY:     **/S/ Daniel C. Sharpe, Esq.**
                                       Vincent W. Davis, Esq.
                                       Daniel C. Sharpe, Esq.


**JURY DEMAND**

Plaintiffs hereby demand a trial by jury in this lawsuit.


LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES

Date: May 2, 2017              BY:     **/S/ Daniel C. Sharpe, Esq.**
                                       Vincent W. Davis, Esq.
                                       Daniel C. Sharpe, Esq.